JOURNAL ENTRY AND OPINION
{¶ 1} This cause came on to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the records from the Cleveland Municipal Court and the briefs.
{¶ 2} The appellant, Reliance Acceptance Corporation of Ohio (hereinafter referred to as Reliance), appeals the decision of the trial court in denying their Objections to the Magistrate's Decision and finding the magistrate's judgment entry of March 6, 2001 to remain in full force and effect. For the reasons set forth below, we reverse the decision of the trial court and remand for further proceedings.
{¶ 3} On March 4, 1995, the appellee, Linda Jones, purchased an automobile from D-N-J Auto Sales. The contract purchase price for the vehicle was $7,306.85, plus a finance charge of $3,151.87, for a total payment of $10,458.72. D-N-J Auto assigned the contract to Reliance on March 4, 1995.
{¶ 4} On January 12, 1998, Jones' car was repossessed by Reliance, and a notice of cure letter was sent to her. The notice allowed for a cure amount of $1,191.64 or a payoff amount of $3,145.10. Jones subsequently reacquired her automobile by paying the cure amount of $1,191.64.
{¶ 5} Later in 1998, Jones again became delinquent in her payments and again, on August 19, 1998, her automobile was repossessed by Cygnet Financial Services[1]. A document titled notice of repossession, sale and right to redeem was sent to Jones which showed a remaining balance of $1,488.37. Jones' car was subsequently sold by auction on November 23, 1998 for $1,000. After deducting the expenses of repossession and sale, net proceeds of $640 were credited to Jones' outstanding balance.
{¶ 6} On February 1, 2000, Jones filed a complaint in small claims court against Cynet Financial Services for the value of her repossessed vehicle. On August 8, 2000, she filed a second amended complaint adding Reliance to the case.
{¶ 7} The magistrate determined, based on the evidence presented, that Jones had proven by a preponderance of the evidence that her car was unlawfully sold by Cynet Financial Services and Reliance in violation of R.C. 1317.16.
{¶ 8} Reliance filed objections to the magistrate's decision, which were denied by the trial court. Reliance now appeals asserting the following assignments of error:
 {¶ 9} I. THE LOWER COURT ERRED BY NOT FINDING IN FAVOR OF RELIANCE, AS JONES, BY LAW DID NOT HAVE LEGAL OR EQUITABLE INTEREST IN THE CLAIM ASSERTED BY HER AGAINST RELIANCE AND THEREFORE COULD NOT PREVAIL IN THE LOWER COURT EVEN ASSUMING ARGUENDO A VALID CLAIM EXISTED AGAINST RELIANCE.
 {¶ 10} II. THE LOWER COURT ERRED IN FINDING AGAINST RELIANCE NOTWITHSTANDING THE FACT THAT THE NOTICE OF PENDING SALE OF THE REPOSSESSION VEHICLE SENT AND RECEIVED BY JONES WAS NOT IN COMPLIANCE WITH O.R.C. 1317.16 AS THE AUTO WAS SOLD IN A COMMERCIALLY REASONABLE MANNER.
 {¶ 11} III. THE LOWER COURT ERRED BY UTILIZING JUDICIAL NOTICE AS GOOD EVIDENCE TO DETERMINE DAMAGES AS TO THE VALUE OF THE AUTOMOBILE IN ISSUE BEFORE THE COURT.
 {¶ 12} IV. THE TRIAL COURT ABUSED ITS DISCRETION BY UTILIZING JUDICIAL NOTICE TO DETERMINE DAMAGES HEREIN WITHOUT AFFORDING RELIANCE AN OPPORTUNITY TO REFUTE SAID INFORMATION USED BY THE MAGISTRATE IN HER DECISION.
{¶ 13} In its first assignment of error, Reliance maintains that Jones filed for Chapter 13 bankruptcy proceedings on February 14, 2000. Reliance was not named as a defendant in Jones' small claims action until August 8, 2000, after she was in bankruptcy proceedings, rendering her without equitable or legal rights in the claims presented against Reliance.
{¶ 14} On February 1, 2000, Jones filed her claim in small claims court. On July 28, 2000, she was given leave by the court to amend her complaint to add Reliance as a defendant in the action.
{¶ 15} R.C. Section 15 states in pertinent part:
 {¶ 16} (A) * * * Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party. Leave of court shall be freely given when justice so requires * * *.
{¶ 17} * * *
 {¶ 18} (C) Whenever the claim of defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.
{¶ 19} In the case at bar, Jones was granted leave of the court to add Reliance to her claims against Cynet for the wrongful repossession of her vehicle. Reliance was not prejudiced by the court action in granting leave. The actions against Reliance were based on the same occurrence and transaction on which the original claim against Cynet was made. Reliance maintained a business relationship with Cynet specifically regarding Jones' vehicle; therefore, Reliance's entry into the action relates back to the original filing of the complaint, on February 1, 2000, which was before Jones filed her bankruptcy petition. Because of this, appellant's first assignment of error is without merit.
{¶ 20} Reliance contends in its second assignment of error that the trial court erred when it determined that Reliance failed to comply with R.C. 1317.16 in its notice of repossession, sale and right to redeem.
{¶ 21} A secured party who takes a security interest in a collateral pursuant to R.C. 1317.071 must fully comply with the provisions of R.C. 1317.16. The duties imposed by R.C. 1317.16 to secured parties dealing with retail installment contracts are greater than those imposed upon other secured parties under R.C. 1309.47. R.C. 1317.071
applies to retail sellers taking a security interest in connection with a retail installment contract arising out of a consumer transaction. R.C.1317.01(P) defines a consumer transaction to exclude transactions between persons defined in R.C. 5725.01 and their customers. R.C. 5725.01 defines financial institution. Society National Bank v. Johnson, et al. (October 21, 1991), Stark App. No. CA-8539, unreported, 1991 Ohio App. LEXIS 5520.
{¶ 22} The Retail Installment Sales Act (RISA) governs the disposition of repossessed collateral.
 {¶ 23} R.C. 1317.16(B) requires that a secured party repossessing collateral pursuant to a retail installment sales contract must, at least ten days prior to sale, * * * send notification of the time and place of such sale and of the minimum price for which such collateral will be sold, together with a statement that the debtor may be held liable for any deficiency resulting from such sale, by certified mail, return receipt requested, to the debtor at his last address known to the secured party, and to any persons known by the secured party to have an interest in the collateral. * * * Any secured party who fails to comply with the statute is not entitled to a deficiency balance. Ford Motor Company v. Potts (1989) 47 Ohio St.3d 97, 98-99.
{¶ 24} In contrast, R.C. 1309.47(C) permits repossessed collateral to be sold by either public or private sale and only requires the secured party to provide the debtor with `reasonable notification of the time and place of any public sale or reasonable notification of the time after which any private sale or other intended disposition is to be made * * *. Howard et al. v. SunStar Acceptance Corporation (May 8, 2001), Franklin App. No. 00AP-70, unreported, 2001 Ohio App. LEXIS 2039.
{¶ 25} Reliance maintains that, as a financial institution, they are not required to comply with the more demanding notice requirements set forth in R.C. 1317.16 and that the notice sent to Jones properly complied with R.C. 1309.47.
{¶ 26} Among those persons who are exempted from the definition of consumer transactions when dealing with customers are financial institutions. R.C. 5725.01 defines financial institutions as applied to RISA matter as follows:
 {¶ 27} (A) Financial Institution includes every person who keeps an office or other place of business in this state and engages in the business of receiving deposits, lending money, and buying or selling bullion, bills of exchange, notes, bonds, stocks, or other evidence of indebtedness with a view to profit * * *
{¶ 28} While this court is not presented with any evidence to contradict Reliance's assertion that they are considered a financial institution, this determination does not stop our review of the application of R.C. 1317.16. In Howard, the court reviewed a similar case involving the application of RISA requirements of notice upon a financial institution. The court determined that courts must distinguish between two-party and three-party transactions, with only the latter being covered by RISA. Id. at 18. A two-party transaction occurs where the financial institution makes a direct loan to a buyer, who then grants the financial institution a security interest in the goods purchased with the loan proceeds. Id. As in the instant case, a third party transaction occurs where a retailer extends credit to a buyer and takes a security interest in the goods being purchased on credit, and subsequently assigns the note and security interest to a financial institution. Id.
{¶ 29} In applying the distinctions used by the court in Howard, the transaction in the case at bar involved the sale of a car to Jones by D-N-J Auto Sales, Inc., which then assigned the contract to the appellant, Reliance. Therefore, even though Reliance is considered under the statute to be a financial institution, it was only after D-N-J Auto Sales, Inc. extended credit to Jones and took a security interest in the car that Reliance acquired the contract and the security interest in the car. Therefore, the trial court did not err in determining that Reliance failed to satisfy the notice requirements as set forth in R.C. 1317.16. Appellant's second assignment of error is without merit.
{¶ 30} In appellant's third and fourth assignments of error, Reliance asserts that the trial judge erred when the court took judicial notice of outside sources when computing the damages assessed against Reliance and failed to provide Reliance with a hearing to refute the evidence used by the trial court. Specifically, Reliance maintains that the magistrate improperly took judicial notice and reviewed the NADA Blue Book values to determine the retail price to be $4,700 for the 1990 Buick LeSabre 4-door with over 100,000 miles.
{¶ 31} Initially, we must note that the Ohio Rules of Evidence do not apply to proceedings in a small claims court. Evid.R. 101(C)(8). Therefore, the judges/magistrates in small claims courts are afforded more discretion in their use and acceptance of the evidence presented in an action before them. However, the amount of latitude must be balanced with the court's need to promote due process. Indeed, once a magistrate invokes judicial notice, he or she should be bound by the principles embodied therein. In this case, Reliance offered evidence of the vehicle's auction price of $1,000, and Jones failed to offer anything other than her gut feeling as to the value of the car at the time of its repossession.The magistrate's use of the NADA Blue Book value of the car was done outside of the presence of either party in this matter. Therefore, Reliance was not offered the opportunity to object to this valuation or to argue that other means, besides the NADA Blue Book, would yield a more accurate representation of the vehicle's true value. This court must conclude that the trial court abused its discretion in taking judicial notice to determine damages without conducting a hearing to properly allow Reliance the opportunity to advance arguments to counter the court's own valuation of damages. This matter must therefore be reversed and remanded to the trial court for further proceedings.
Judgment reversed and remanded.
This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is ordered that appellant and appellee share the costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cleveland Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TIMOTHY E. McMONAGLE, P.J., AND PATRICIA A. BLACKMON, J., CONCUR.
[1] The named defendant, Cynet Financial Services (Cynet), was retained by Reliance on February 9, 1998 to service the accounts of Reliance. The responsibilities of Cynet included the prosecution of deficiency claims, taking all collections actions, enforcing, foreclosing and transferring vehicle title liens. The agreement included terms whereby Cynet would maintain all funds in trust for Reliance and then deliver the Funds to them.